IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHARLES K. WORKMAN,

          Plaintiff,

v.                               CIVIL ACTION NO. 3:06-0648

AMIALE FIGUEROA,
Individually, and as an agent,
representative, and/or employee of
CENTRAL HAULING COMPANY,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue Pursuant to Federal Rule of Civil Procedure 12(b), or in the alternative, Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) by Defendants Amiale Figueroa and Central Hauling Company. For the following reasons, the Court **DENIES** Defendants' Motion to Dismiss, but **GRANTS** their Motion to Transfer [doc. no. 13].

### I.
### FACTS

On or about July 31, 2006, Plaintiff filed this lawsuit in the Circuit Court of Cabell County, West Virginia. In his Complaint, Plaintiff alleges that he was injured when the vehicle he was operating was struck by a tractor trailer owned by Defendant Central Hauling Company and driven by its employee Defendant Figueroa. The accident occurred in Ashland, Kentucky. On August 21, 2006, Defendants removed the action to this Court based upon diversity of jurisdiction. Plaintiff filed a Petition for Remand claiming that the jurisdictional amount was not met; however,

the Court denied the motion by order dated September 27, 2006. Defendants now assert that this Court lacks personal jurisdiction over them and venue is improper.

Plaintiff is a resident and citizen of Kenova, Wayne County, West Virginia. Defendant Figueroa is a resident of South Carolina, and Defendant Central Hauling Company is incorporated in Arkansas with its principal place of business in Little Rock, Arkansas. Central Hauling Company is a motor carrier for hire that is authorized by the United States Department of Transportation to operate in the 48 contiguous United States. It hauls excess freight for its only customer, Calark Trucking of Little Rock, Arkansas. Central Hauling is not registered with the West Virginia Secretary of State to conduct business in West Virginia, it does not have customers in West Virginia, and it does not do any direct advertising in West Virginia. In addition, Defendants assert that Central Hauling does not maintain any terminals, officers, bank accounts, or telephone listings in West Virginia, it does not own or lease any property here, it does not own or control any companies here, and it does not employ any individuals in West Virginia. From September 2004 to September 2006, Central Hauling states it had picked up approximately ten loads of freight in West Virginia and delivered 309 loads of freight in West Virginia. According to Defendants, this amount represents about one-quarter of one percent of Central Hauling's total operations. Central Hauling states that its records show that Defendant Figueroa never delivered or picked up any freight in West Virginia

## II.
## RULE 12(b)(2) STANDARD

Defendants assert that this Court lacks personal jurisdiction over them and, therefore, the action must be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. When a party challenges personal jurisdiction under Rule 12(b)(2), the question of whether jurisdiction exists is for the court to decide, "with the burden on the plaintiff to prove grounds for jurisdiction by a preponderance of the evidence." *Branch Bank and Trust v. Engine Components, Inc.*, 394 F. Supp.2d 859, 860-61 (S.D. W. Va. 2005) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989); *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir.1993)).  When such a motion is addressed without an evidentiary hearing and is based solely on the motion and memoranda of law, and the complaint, as in the present case, "the plaintiff need only prove a prima facie case of personal jurisdiction." *Id*. at 861 (citations omitted).  In determining whether a prima facie case of personal jurisdiction exists, the "court must draw all reasonable inferences arising from the evidence and resolve all factual disputes in the plaintiff's favor." *Id*.  (citations omitted). Although the question of jurisdiction over a non-resident is traditionally resolved by a two-step process,[1] "in cases where the state's long-arm statute extends to the limits of due process, . . . the court need only determine whether the exercise of jurisdiction comports with due process." *Id*. (citations omitted).  As the long-arm statute in West Virginia has been found to extend to the limits of due process, the court may start with the due process question. *Id*. (citing *Harman v. Pauley*, 522 F. Supp. 1130, 1135 (S.D. W. Va.1981)).

---

[1] "The court must first determine whether the state long-arm statute confers jurisdiction; if the statute does confer jurisdiction, the court then determines whether the exercise of that jurisdiction comports with the constitutional mandates of due process." *Id*. (citations omitted).

In *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939 (4th Cir. 1994), the Fourth Circuit held that such due process considerations include

> whether (1) the defendant has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state; and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice, taking into account such factors as (a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering fundamental substantive social policies.

35 F.3d at 945-46 (citations omitted). In light of these factors, the Court must determine whether West Virginia can constitutionally assert personal jurisdiction over Central Hauling and Amiale Figueroa.

## III.
## DISCUSSION

Defendants argue that, based upon the facts cited above, they have insufficient minimum contacts with West Virginia for personal jurisdiction to exist.[2] In support of its position, Defendants cite *Tyler v. Gaines Motor Lines, Inc.*, 245 F. Supp.2d 730 (D. Md. 2003). The Court finds the reasoning in *Tyler* persuasive in this case.

---

[2]Indeed, Defendants assert that Defendant Figueroa has absolutely no minimum contacts with West Virginia, in that the accident took place in Kentucky, he is a resident of South Carolina, and he never delivered or picked up any freight in West Virginia while working for Central Hauling.

In *Tyler*, the plaintiffs filed a diversity action in the district court of Maryland for injuries they sustained as a result of an automobile accident that occurred in North Carolina. *Id*. at 730-31. At the time of the accident, the plaintiffs were residents of Florida, and the defendant was a North Carolina trucking company. *Id*. at 731. The defendant filed a motion to dismiss or, in the alternative, to transfer the case to North Carolina based upon a lack of personal jurisdiction in Maryland. *Id*. The plaintiffs filed the action in Maryland because they moved to the State and were receiving treatment for their injuries there. *Id*.

In deciding the motion, the court noted that the defendant was not registered in Maryland, had no employees in Maryland, did not register or garage its equipment in Maryland, did not purchase fuel permits from or pay fuel tax to Maryland, and only had two customers in the State, and its dealings with those customers were characterized as sporadic and insignificant. *Id*. Of the 3,400 pickups/deliveries the company performed each week, only an average of 1.5 of those pickups/deliveries were performed in Maryland. In addition, the company averred that it did not actively seek business in Maryland, but the defendant's trucks frequently traveled through Maryland, logging "119,000 miles in 2000 and 126,000 miles in 2001 (out of 9,944,951 total miles and 10,877,851 total miles for those years respectively)." *Id*.

In determining whether the trucking company had sufficient ties to Maryland for the court to exercise personal jurisdiction, the court relied heavily upon the Fourth Circuit's decision in *Nichols v. G.D. Searle & Co*., 991 F.2d 1195 (4th Cir. 1993). In *Nichols*, the defendant (a pharmaceutical company) employed 17 to 21 people within Maryland to promote the company's

-5-

products in Maryland and those individuals drove company cars registered in Maryland. 991 F.2d at 1198. The company also held several meetings in Maryland. *Id*. However, the company did not maintain an office in Maryland and did not manufacturer any products in the State. *Id*. Despite the fact the company had contacts with Maryland, the Fourth Circuit held that most of these contacts did not warrant the exercise of general jurisdiction[3] because they were in support of the company's promotional activities. *Id*. at 1200. *See Ratliff*, 444 F.2d at 748 (holding "[w]hen . . . [a] defendant's only activities consist of advertising and employing salesmen to solicit orders, . . . fairness will not permit a state to assume jurisdiction"). Additionally, the remaining contacts, such as holding meetings and making purchases within Maryland, were not significant enough to exercise jurisdiction. *Id*.

In *Tyler*, the court found the facts supporting personal jurisdiction over the trucking company were even less substantial in nature than those that were determined to be insufficient in *Nichols*. 245 F. Supp.2d at 734. Specifically, in footnote 4, the court found the thousands of miles the trucking company drove in Maryland as "nearly inconsequential in assessing general jurisdiction." *Id*. at n.4. Nevertheless, the court found the question a close call and, in the interest of justice, exercised the court's discretion to transfer the case in the interest of justice pursuant to

---

[3]"When . . . a suit does not arise out of the defendant's activities in the forum state, the court must exercise 'general jurisdiction' and the requisite 'minimum contacts' between the defendant and the forum state are 'fairly extensive.'" *Id*. at 1199 (citing *Ratliff v. Cooper Laboratories, Inc.*, 444 F.2d 745, 748 (4th Cir. 1971) (footnote omitted)). A court may assert general jurisdiction over a corporate defendant "when the 'continuous corporate operation within a state [is] thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities' . . . ." *Id*. (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)).

28 U.S.C. § 1404. In making this determination, the court wrote: "For me to hold that . . . [the trucking company] is subject to personal jurisdiction would inject into the case an unnecessary legal issue that would render the entire litigation null and void if, on appeal, jurisdiction were found to be lacking." *Id*. (citation omitted). Therefore, the court transferred the case to the Western District of North Carolina where jurisdiction clearly was proper. *Id*.

In this case, the Court finds the facts supporting personal jurisdiction over Central Hauling are similar to that in *Tyler*, namely that Central Hauling does pick up and deliver some freight within West Virginia and it does travel West Virginia roadways. However, as in *Tyler*, the Court recognizes that a finding of jurisdiction based upon these facts risks reversal on appeal which will make the entire litigation null and void. Therefore, as in *Tyler*, the Court finds that a transfer of this case pursuant to 28 U.S.C. § 1404 would best serve the interest of justice and the parties agree that a transfer to that District is an acceptable alternative, barring an outright dismissal or finding of jurisdiction.

## IV.
## CONCLUSION

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss for Lack of Jurisdiction and Improper Venue,[4] but **GRANTS** their Motion to Transfer Pursuant to 28 U.S.C. § 1404(a). The Court **DIRECTS** the Clerk of this Court to transfer this action to the Eastern District of Kentucky.

---

[4] As the Court has determined that the interest of justice are best served by transferring this action, the Court finds that Defendants' argument about improper venue is moot.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:      March 29, 2007

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE